IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LANORRIS MOORE, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| MARTY ALLEN, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:15-CV-820-WSD-GGB |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is confined at Valdosta State Prison in Valdosta, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 regarding his judgment of conviction entered in Fulton County, Georgia in 2009. (Doc. 1.) Petitioner also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 4.) Because Petitioner's application demonstrates that he cannot pay the filing fee, I **GRANT** him leave to proceed IFP.[1]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") requires a federal court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

---

[1] A prison official certified that Petitioner has ten dollars in his inmate account, but the account statement shows that all of that money is reserved and not spendable. (Doc. 4 at 2-3.)

not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (courts screen § 2254 petitions prior to answer and dismiss when the petition "appears legally insufficient on its face").  The petition in this case should be dismissed because it is clear from the petition that Petitioner did not timely seek federal habeas relief.  *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006) (holding that district courts may sua sponte dismiss a habeas petition after affording the parties fair notice)[2]; *Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) ("A federal court that sits in collateral review of a criminal judgment of a state court has an obligation to enforce the federal statute of limitations.").

On August 17, 2009, Petitioner pled guilty in the Superior Court of Fulton County to armed robbery, aggravated assault, aggravated battery, burglary, unlawful possession of a firearm, and criminal damage to property in the first degree.  (Doc. 1 at 1.)  The trial court sentenced Petitioner to thirty years, with twenty of those to be served in prison.  (*Id.*)

Petitioner, pro se, filed a notice of appeal with the Georgia Court of Appeals on January 14, 2010.  Docket / Case Inquiry System, http://www.gaappeals.us/docket/index.php (last visited Apr. 14, 2015) (case number A10A1212) ("Court of

---

[2] This Report and Recommendation provides such notice.

Appeals Docket").[3]  On March 8, 2010, Petitioner filed with the appellate court his "enumeration of errors."  (Doc. 1 at 4.)  That same day, Petitioner filed in the trial court a petition for a writ of injunction in which he requested counsel for the appeal and transcripts of his plea hearing and the hearing on his motion to withdraw his plea.  (*Id.* at 3.)  Petitioner says the trial court never ruled on that petition.  (*Id.*)  It appears from the appellate court's docket that the trial court's order denying Petitioner's motion to withdraw his plea was entered on December 21, 2009.  *See* Court of Appeals Docket.

Petitioner says that the court of appeals affirmed his judgment of conviction on April 21, 2012.  (Doc. 1 at 2.)  The court of appeals' docket states that it affirmed on April 21, 2010.  Court of Appeals Docket.  For purposes of this Report and Recommendation, I will use the later date provided by Petitioner as it is more favorable to him on the timeliness issue.

Petitioner did not seek a writ of certiorari from the Georgia Supreme Court.  (Doc. 1 at 2.)  On October 21, 2013, Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Lowndes County.  (*Id.* at 2, 11.)  That court denied

---

[3] Petitioner provided the case number for his appeal, (Doc. 1 at 4), thus enabling retrieval of the appeal docket from the appellate court's website.

3

relief.  (*Id.* at 2.)  On March 10, 2014, the Georgia Supreme Court denied Petitioner a certificate of probable cause to appeal that ruling.  (*Id.* at 3, 11.)  Petitioner received notice of the Georgia Supreme Court's ruling "after March 17, 2014," which was the date on which a copy of the ruling was received at the prison.  (*Id.* at 8, 10 (copy of envelope showing date received in prison mail room).)  Petitioner currently has no petitions or appeals pending in any court except the federal habeas petition in this case.  (*Id.* at 4.)

Petitioner filed his federal petition on March 15, 2015.[4]  He claims in the petition that the lawyer who represented him when he pled guilty rendered ineffective assistance, thus rendering his plea invalid, and that the prosecutor failed to disclose exculpatory evidence.  (*Id.* at 5-6.)  As explained below, the petition is untimely.

---

[4] A prisoner proceeding pro se is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing.  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Because Petitioner did not identify that date and there is no contrary evidence, he is presumed to have given his petition to officials for mailing on the day he signed it – March 15, 2015.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); Doc. 1 at 9.

Absent extraordinary circumstances, a federal court may not consider the merits of a petition for a writ of habeas corpus unless it is timely filed. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations period in this case began when Petitioner's judgment of conviction became final by expiration of the time to seek the last step of direct review, as the petition does not indicate that any other triggering date applies. (*See* Doc. 1.) When the Georgia Court of Appeals affirmed Petitioner's judgment of conviction on April 21, 2012 (using Petitioner's later date here), Petitioner had ten days to file a notice of intent to seek certiorari review from the Georgia Supreme Court. *See* Ga. Sup. Ct. R. 38. He did not file such a notice.

Petitioner's judgment of conviction thus became final when the ten-day period ended, which was May 1, 2012. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1) (providing that the U.S. Supreme Court will not consider a petition for certiorari from the judgment of an intermediate state court unless the state's highest court has denied discretionary review). The one-year period for filing a federal habeas petition began on that date and ended on May 1, 2013, almost two years before Petitioner filed his federal habeas petition.[5]

---

[5] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

6

Petitioner did not seek post-conviction relief until October 21, 2013, when he filed his state habeas action. (Doc. 1 at 2.) That petition did not toll the one-year limitations period for filing a federal habeas petition because the one-year period expired before Petitioner filed the state petition. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quotation marks omitted). And even if there had been some time remaining when Petitioner filed his state habeas case, he waited over eleven months after that case concluded to file his federal habeas petition. Petitioner's federal habeas petition is untimely.

Petitioner has shown no basis to excuse his untimely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565 (2010) (petitioner must show extraordinary circumstances and reasonable diligence to equitably toll the limitations period); *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) ("The actual innocence exception is exceedingly narrow in scope, and the petitioner must demonstrate that he is factually innocent rather than legally innocent." (quotation marks omitted)). Ignorance of the right to challenge the judgment in state court or of the federal limitations period cannot excuse the late filing. *See Miller v. Florida*, 307 F. App'x

7

366, 368 (11th Cir. 2009) ("Appellant was not entitled to equitable tolling because of his lack of legal training."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Accordingly, I **RECOMMEND** that the petition [1] be **DISMISSED** under Rule 4 as untimely and that a certificate of appealability be **DENIED** because the timeliness issue is dispositive and not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). I **GRANT** Petitioner leave to proceed IFP.

**SO ORDERED & RECOMMENDED** this 15th day of April, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE