IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LANORRIS MOORE,

               Petitioner,

      v.

MARTY ALLEN,

               Respondent.

1:15-cv-820-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final

Report and Recommendation [5] ("R&R").  The R&R recommends Petitioner

LaNorris Moore's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C.

§ 2254 [1] ("Habeas Petition") be dismissed under Rule 4 as untimely.

## I.  BACKGROUND[1]

On August 17, 2009, Petitioner pled guilty in the Superior Court of Fulton

County to armed robbery, aggravated assault, aggravated battery, burglary,

---

[1]      The facts are taken from the R&R and the record.  The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

unlawful possession of a firearm, and criminal damage to property in the first degree.  ([1] at 1).  The trial court sentenced Petitioner to thirty years, with twenty of those to be served in prison.  (Id.).

On January 14, 2010, Petitioner, *pro se*, filed a notice of appeal with the Georgia Court of Appeals.  On March 8, 2010, Petitioner filed with the state appellate court his "enumeration of errors."  ([1] at 4).  The same day, Petitioner filed in the trial court a petition for a writ of injunction, in which he requested counsel for the appeal, and transcripts of his plea hearing and the hearing on his motion to withdraw his plea.  (Id. at 3).  Petitioner claims the trial court never ruled on that petition.  (Id.).  It appears from the appellate court's docket that the trial court's order denying Petitioner's motion to withdraw his plea was entered on December 21, 2009.[2]

Petitioner states that the court of appeals affirmed his judgment of conviction on April 21, 2012.  (Id. at 2).  The court of appeals' docket states that it affirmed on April 21, 2010.  For purposes of her R&R, the Magistrate Judge used the later date provided by Petitioner as it is more favorable to him on the timeliness issue.

---

[2]     Petitioner provided the case number for his appeal, ([1] at 4), enabling the Court to retrieve the appeal docket from the appellate court's website.

2

Petitioner did not seek a writ of certiorari from the Georgia Supreme Court. ([1] at 2).

On October 21, 2013, Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Lowndes County.  (Id. at 2, 11).  The court denied relief. (Id. at 2).  On March 10, 2014, the Georgia Supreme Court denied Petitioner a certificate of probable cause to appeal the superior court's ruling.  (Id. at 3, 11). Petitioner received notice of the Georgia Supreme Court's ruling "after March 17, 2014," which was the date on which a copy of the ruling was received at the prison.  (Id. at 8, 10 (copy of envelope showing date received in prison mail room)).

Petitioner currently does not have any petitions or appeals pending in any court except the Habeas Petition in this action.  (Id. at 4).

On March 15, 2015,[3] Petitioner, *pro se*, filed his Habeas Petition.  In it, Petitioner claims that the lawyer who represented him when he pled guilty rendered ineffective assistance, rendering his plea invalid, and that the prosecutor failed to disclose exculpatory evidence.  (Id. at 5-6).

---

[3]    A prisoner proceeding *pro se* is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing.  Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Because Petitioner did not identify that date and there is no contrary evidence, he is presumed to have given his petition to officials for mailing on the day he signed it—March 15, 2015.  See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); ([1] at 9).

On April 15, 2015, the Magistrate Judge issued her R&R.  In it, the

Magistrate Judge found that Petitioner's Habeas Petition was untimely, and that

Petitioner failed to show any basis to excuse his untimely filing.  (R&R at 7).  The

Magistrate Judge recommended that the Habeas Petition be dismissed and that a

certificate of appealability be denied.  (Id. at 8).

Petitioner did not file any objections to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge

"shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1).  Where, as here, no party has objected to the report and

recommendation, a court conducts only a plain error review of the record.  United

States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.    Analysis

Absent extraordinary circumstances, a federal court may not consider the

4

merits of a petition for a writ of habeas corpus unless it is timely filed.  28 U.S.C.

§ 2244(d) provides:

>   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Magistrate Judge determined that the one-year limitations period in this case began when Petitioner's judgment of conviction became final by expiration of the time to seek the last step of direct review, as the Habeas Petition does not

indicate that any other triggering date applies.  (R&R at 6).  When the Georgia Court of Appeals affirmed Petitioner's judgment of conviction on April 21, 2012,[4] Petitioner had ten days to file a notice of intent to seek certiorari review from the Georgia Supreme Court.  <u>See</u> Ga. Sup. Ct. R. 38.  He failed to do so, and his judgment of conviction thus became final on May 1, 2012, when the ten-day period ended.  <u>See</u> 28 U.S.C. §2244(d)(1)(A); Sup. Ct. R. 13(1).  The Magistrate Judge found that the one-year period for filing a federal habeas petition began on May 1, 2012, and ended on May 1, 2013, almost two years before Petitioner filed his Habeas Petition.  (R&R at 6).

The Magistrate Judge also determined that Petitioner's state habeas action—filed on October 21, 2013—did not toll the one-year limitations period for filing a federal habeas petition, because the one-year period—which ended on May 1, 2013—expired before Petitioner filed the state petition.  (R&R at 7).  The Court finds no plain error in these findings and recommendation.  <u>See</u> <u>Slay</u>, 714 F.2d at 1095; <u>Tinker v. Moore</u>, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." (internal quotation marks omitted)).

---

[4]     The Magistrate Judge used Petitioner's later date.

The Magistrate Judge found that Petitioner failed to show any basis to excuse his untimely filing, and concluded that his Habeas Petition should be dismissed under Rule 4 as untimely.  The Court finds no plain error in these findings and recommendation.  <u>See</u> <u>Slay</u>, 714 F.2d at 1095.

The Magistrate Judge also recommended that a Certificate of Appealability ("COA") be denied because the timeliness issue is dispositive and not reasonably debatable.  (R&R at 8).  The Court finds no plain error in this finding and recommendation, and a COA is denied.  <u>See</u> <u>Slay</u>, 714 F.2d at 1095.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [5] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** under Rule 4 as untimely.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 29th day of March, 2016.


_William S. Duffey_

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE